UNITED STATES of America,
Plaintiff–Appellee,

v.

Nathaniel J. COKER, Defendant–
Appellant.

No. 00–3462.

United States Court of Appeals,
Sixth Circuit.

Nov. 2, 2001.

Before KEITH, KENNEDY, and
BATCHELDER, Circuit Judges.

## ORDER

Nathaniel Coker appeals from a district court order dismissing his motion for a new trial filed under Fed.R.Crim.P. 33. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral

argument is not needed. Fed. R.App. P. 34(a).

In 1998, a jury convicted Coker of distributing heroin in violation of 21 U.S.C. § 841(a)(1) and being a felon in possession of a firearm in violation of 18 'U.S.C. § 922(g)(1). The district court sentenced Coker to 96 months of imprisonment, and this court affirmed his convictions on appeal. *United States v. Coker*, Nos. 98–3731, 1999 WL 1281788 (6th Cir. Dec.29, 1999) (unpublished per curiam), *cert. denied*, 530 U.S. 1283, 120 S.Ct. 2760, 147 L.Ed.2d 1021 (2000). In 2000, Coker filed his Rule 33 motion, arguing that: 1) a witness had recanted inculpatory testimony against him; and 2) the prosecution withheld evidence of a cooperating informant's past criminal history. The district court determined that Coker's claims were without merit and denied the motion. Coker has filed a timely appeal.

■ Upon review, we conclude that the district court properly denied Coker's Rule 33 motion. This court reviews for an abuse of discretion a district court's decision denying a Rule 33 motion. *United States v. Frost*, 125 F.3d 346, 382 (6th Cir.1997). Motions for a new trial based upon newly discovered evidence are disfavored and should be granted with caution. *United States v. Turns*, 198 F.3d 584, 586 (6th Cir.2000). The defendant bears the burden of proving that a new trial should be granted for newly discovered evidence. *United States v. Pierce*, 62 F.3d 818, 824 (6th Cir.1995). When a defendant makes a motion for a new trial based upon newly discovered evidence, he must show that the evidence: 1) was discovered after the trial; 2) could not have been discovered earlier with due diligence; 3) is material and not merely cumulative or impeaching; and 4) would likely produce an acquittal if the case was retried. *Turns*, 198 F.3d at 586–87. However, when the motion for a new trial is based on the recantation of a material government witness, the motion should be granted only if: 1) the court is reasonably well satisfied that the trial testimony given by the material witness is false; 2) without the false testimony, the jury might have reached a different conclusion; and 3) the party seeking the new trial was taken by surprise when the false testimony was given, and was unable to meet it or did not know of its falsity until after the trial. *United States v. Willis*, 257 F.3d 636, 642–43 (6th Cir.2001).

■ Coker's first claim is that he is entitled to a new trial based on the affidavit of a witness recanting his trial testimony. The evidence at trial revealed that Coker traded a revolver as part of a drug transaction. Coker's elderly uncle testified that he had given this weapon to Coker's mother prior to the date of the drug transaction, and the prosecution argued that Coker had taken the gun from his mother's residence to facilitate the transaction. Coker now presents an affidavit from his uncle, in which the uncle avers that he testified falsely and that he never gave the gun to Coker's mother.

■ The district court did not abuse its discretion in denying Coker's motion on this ground. Affidavits by witnesses recanting their trial testimony are looked upon with extreme suspicion. *Id.* at 645. Further, the skepticism with which a court examines such an affidavit is only heightened when the recanting witness is a family member and the witness may have feelings of guilt or may be influenced by family members seeking to change the witness's story. *Id.* at 646. These concerns cast a strong doubt on the veracity of the uncle's affidavit. Additionally, the uncle's allegedly false testimony had a minimal impact on the trial. As noted by the district court, the government presented overwhelming evidence of Coker's guilt at trial, and sufficient evidence exist-

ed to convict Coker, even without the uncle's testimony.

■ Coker next argues that the government improperly withheld evidence of a cooperating informant's past criminal history. The government is under an obligation to disclose exculpatory evidence that might tend to impeach the credibility of a key government witness. *United States v. Carmichael,* 232 F.3d 510, 517 (6th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1607, 149 L.Ed.2d 472 (2001). Coker submits that the government failed to disclose the misdemeanor record of Ronald Ray, a paid informant who testified at trial. The record reveals that Ray had misdemeanor convictions for theft, misrepresentation of identity, and false statement, and while these convictions could have been utilized at trial to impeach Ray's credibility, they were not disclosed by the government. However, the prosecutor did disclose that Ray previously had been convicted of an aggravated robbery felony and was acting as a paid informant during the investigation of Coker. Defense counsel used this evidence in an attempt to impeach Ray at trial. Consequently, the new evidence regarding Ray's misdemeanor record is merely cumulative and impeaching, and cannot be considered material. Further, this new evidence is unlikely to have any impact if the case were retried.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.